UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOSEPH CARSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0445 (PLF) |
| | ) | |
| UNITED STATES MERIT SYSTEMS PROTECTION BOARD, | ) ) ) | |
| | ) | |
| Respondent. | ) ) | |

MEMORANDUM OPINION

Pro se petitioner Joseph Carson brings this lawsuit against the United States Merit Systems Protection Board ("MSPB" or the "Board") seeking a writ of mandamus "direct[ing] MSPB to conduct the necessary reviews of [the Office of Special Counsel] ("OSC"), [the Equal Opportunity Employment Commission], and other agencies to determine and report 'whether the public interest in a civil service free of [prohibited personnel practices] is being adequately protected,' as it is legally empowered and required to do by 5 USC 1204(a)(3) and (e)(3)." Petition at 4. This matter is before the Court on respondent's motion to dismiss the petition for a writ of mandamus ("Mot."), petitioner's opposition thereto ("Opp."), and defendant's reply ("Rep."). For the following reasons, the Court will grant respondent's motion and will dismiss the petition.

I. BACKGROUND

The undersigned has previously resolved several of petitioner's lawsuits.  See, e.g., Carson v. U.S. Office of Special Counsel, Civil Action No. 04-0315, 2006 WL 785292, (D.D.C. March 27, 2006) ("Carson I"); Carson v. U.S. Office of Special Counsel, Civil Action No. 05-0537, 2006 WL 5085253, (D.D.C. Oct. 30, 2006) ("Carson II"), *aff'd and remanded on one unaddressed issue*, No. 06-5364 (D.C. Cir. Nov. 28, 2007); Carson v. U.S. Office of Special Counsel, 514 F. Supp. 2d 54 (D.D.C. 2007) ("Carson III").  The Court has previously described the relevant statutory framework, the power of this Court to issue writs of mandamus, and the standards for issuing a writ of mandamus.  For the convenience of the parties, the Court repeats relevant portions herein.

II. DISCUSSION

*A. Mandamus Jurisdiction Over the MSPB*

Respondent moves to dismiss the petition on its merits, arguing that petitioner has failed to meet the requisite standards and that he has not demonstrated that the MSPB has failed to fulfill its statutory mandate.  See Mot. at 1.  Respondent notes that it is willing to assume, without agreeing, that there is a private right of action that would allow a private person to bring a civil action to enforce the cited statutory requirements.  See id. at 1 n. 1.  Respondent does not address whether or not the Court has mandamus jurisdiction over the MSPB, apparently also willing to assume that it is so.

The Court, of course, may not assume that it has subject matter jurisdiction. Federal courts, as courts of limited jurisdiction, have an independent responsibility to ensure that they have subject matter jurisdiction before proceeding to the merits of a case. See, e.g., Belhas v. Ya'alon, – F.3d –, 2008 WL 398465, (D.C. Cir. 2008) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511 (1973)).  In this case, the Court is not persuaded that it has jurisdiction to issue a writ of mandamus to the MSPB, and it therefore will dismiss the petition.

Although the Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, the All Writs Act allows the Court to order a remedy only where subject matter jurisdiction already exists. See 28 U.S.C. § 1651(a) (providing that the "Supreme Court and all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions . . ."); see also Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 76 (D.C. Cir. 1984) ("[I]t is firmly established that [Section] 1651 does not expand the jurisdiction of a court."). In addition, the Civil Service Reform Act of 1978 ("CSRA"), Pub. L. No. 94-454, 92 Stat. 1111 (codified as amended in scattered sections of Title 5 of the United States Code), which governs non-constitutional claims brought by federal employees against the United States government or its agencies, does not provide for subject matter jurisdiction in the United States district courts for review of OSC decisions made pursuant to its authority under the statute. See Fornaro v. James, 416 F.3d 63, 67 (D.C. Cir. 2005) (CSRA is comprehensive and exclusive remedial scheme); Carducci v. Regan, 714 F.2d 171, 174 (D.C. Cir. 1983) (CSRA is

"exhaustive remedial scheme" that clearly evidences congressional intent not to permit alternative or preexisting remedies); Borrel v. United States Int'l Communication Agency, 682 F.2d 981, 988 (D.C. Cir. 1982) ("[W]e are unable to conclude from the [CSRA] that Congress intended to provide an independent judicial remedy to employees."). Nor does the CSRA provide for jurisdiction over appeals of decisions rendered by the MSPB in this Court; only the United States Court of Appeals for the Federal Circuit may hear such petitions. See 5 U.S.C. §§ 1215(a)(4) and 1221(h)(2), incorporating 5 U.S.C. § 7703(b)(1); see also United States v. Fausto, 484 U.S. 439, 449 (1988).[1]

      The United States Court of Appeals for the District of Columbia Circuit nevertheless has concluded that a United States District Court does have subject matter jurisdiction to issue a writ of mandamus if it determines that *OSC* violated a non-discretionary statutory duty to investigate an employee's allegations. See Weber v. United States, 209 F.3d 756, 759 (D.C. Cir. 2000). The court in Weber reasoned that because the Federal Circuit reviews only *MSPB* decisions and not *OSC* actions or decisions, depriving the district courts of mandamus jurisdiction over claims that OSC has failed to perform a statutory duty would foreclose all relief for such a failure. See id. at 759. The reasoning behind this decision does not lead to the conclusion, however, that this Court has mandamus jurisdiction over the MSPB. Such a petition is certainly more appropriately addressed to the Federal Circuit than to this Court.

---

[1] 5 U.S.C. § 7703(b)(1) provides, with exceptions not relevant here, that "a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit."

Accordingly, the Court will dismiss the petition.[2]  An Order consistent with this Memorandum Opinion will be issued this same day.

    SO ORDERED.


              _____/s/_____
              PAUL L. FRIEDMAN
              United States District Judge

DATE:  February 19, 2008

---

  [2] Even if this Court had mandamus jurisdiction over the MSPB, the Court concludes that petitioner has not met the standard for the issuance of the writ in this case.  The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980).  Only "exceptional circumstances amounting to a judicial 'usurpation of power'" will justify issuance of the writ.  Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988) (quoting Will v. United States, 389 U.S. 90, 95 (1967)); see also In re Leeds, 951 F.2d 1323, 1323 (D.C. Cir. 1991).  Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff."  In re Medicare Reimbursement Litigation, 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002)); see also Banks v. Office of Senate Sergeant-At-Arms and Doorkeeper of the United States Senate, 471 F.3d 1341, 1350 (D.C. Cir. 2006) (concluding that the extraordinary remedy of mandamus need not issue in a case arising under the Congressional Accountability Act where the issue could be addressed by an appeal from a final judgment).  The party seeking mandamus "has the burden of showing that 'its right to issuance of the writ is clear and indisputable.'"  Power v. Barnhart, 292 F.3d at 784 (quoting Northern States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 758 (D.C. Cir. 1997)).  Petitioner has not come close to satisfying this standard.